# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NICHOLAS DAYTON,**
*Individually*, M.D., *a minor, Individually,*

**Plaintiffs,**

v.                                                        Case No:  **6:25-cv-2183-Orl-AGM-DCI**

**SCHOOL BOARD OF BREVARD COUNTY, FLORIDA, CARRIE HUMPHRYS, and JOHN DOE 1-10,**

**Defendants.**

## ORDER

Pending before the Court is non-party Florida Department of Children and Families' (DCF) Partial Objection to Plaintiffs' Subpoena to Produce Documents and Motion to Quash/Modify or for Protective Order.  Doc. 29 (the Motion).  Plaintiffs have served on DCF a subpoena for the production of documents (Doc. 29-1, the Subpoena), and DCF has raised certain objections.  *Id*. at 2 to 3.  In relevant part, DCF argues that Plaintiffs seek disclosure of confidential information or materials subject to state privilege under Florida Statutes section 39.202.  *Id*. at 2.  DCF states that Plaintiffs are entitled to most of the records subject to the Subpoena, but claims that a portion of the record "cannot legally be provided."  *Id*. at 3.  Namely, DCF contends that it cannot disclose identifying information pursuant to section 39.202(5).  *Id*.[1]  As such, DCF moves the Court to quash in part the Subpoena "as it pertains to Abuse Hotline reporter information made confidential

---

[1] DCF also cites to Florida Statutes section 39.205(6) for the proposition that Florida provides for criminal penalties related to the disclosure of confidential information contained in the central abuse hotline.  Doc. 29 at 6.

by § 39.205(5), Fla. Stat." and to "[e]nter an appropriate protective order to prevent disclosure of Abuse Hotline reporter information from the Department and its current and former employees & contractors." *Id*. at 9.

Plaintiffs have filed a Response in Opposition to the Motion and argue that section 39.202 does not create an absolute privilege, and, at a minimum, the Court should conduct an *in-camera* review to determine whether disclosure of the reporter's identity is required. Doc. 39. Plaintiffs add that they propounded discovery on Defendant School Board related to the John Does' identification, but Defendant School Board has not responded even though the deadline to do so has passed. *Id*. at 4. As such, Plaintiffs have issued the Subpoena and seek information through DCF that Plaintiffs deem "indispensable to the prosecution of this action." *Id*.

On April 8, 2026, the Court conducted a hearing on the Motion and considered argument from Plaintiffs, Defendant School Board, and DCF. DCF represented at the hearing that it would accept an *in-camera* review.

Upon due consideration, the Court has determined that an *in-camera* inspection of the withheld materials may assist the Court in ruling on the Motion.

Accordingly, it is **ORDERED** that:

1. ruling on the Motion (Doc. 29) is **DEFERRED**;

2. **on or before May 11, 2026**, DCF shall submit to the Court for an *in-camera* inspection (1) the materials responsive to the Subpoena that are withheld on the basis of privilege; and (2) a privilege log of those withheld materials. DCF shall submit the materials and the privilege log via email to chambers_flmd_irick@flmd.uscourts.gov. Submission by another method may be arranged by calling the Clerk of Court;

- 2 -

3. Following its *in-camera* inspection, the Court will issue a separate order on the Motion; and

4. Plaintiffs shall immediately notify the Court if they obtain the identities of the John Does in this case <u>or</u> no longer oppose the request to quash the Subpoena.[2]

**ORDERED** in Orlando, Florida on April 27, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record and Unrepresented Parties

---

[2] At the hearing, Plaintiffs' counsel notified the Court that Defendant School Board has still not responded to the discovery directed to the John Does' identification, and Defendant School Board's counsel represented that it is uncertain if Defendant School Board has the responsive information. Since the hearing, Plaintiffs have not filed a motion to compel Defendant School Board to respond to the discovery requests and it is unclear if Plaintiffs would still seek to enforce the Subpoena if they already discovered the identities through other discovery.